**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **LONDON-SIRE RECORDS, INC.,** | : | |
| **a Delaware corporation; VIRGIN** | : | |
| **RECORDS AMERICA, INC., a California** | : | |
| **corporation; BMG MUSIC, a New York** | : | |
| **general partnership; ARISTA RECORDS,** | : | |
| **LLC, a Delaware limited liability** | : | |
| **company; ATLANTIC RECORDING** | : | |
| **CORPORATION., a Delaware** | : | **5:05CV32 (DF)** |
| **corporation; INTERSCOPE RECORDS,** | : | |
| **a California general partnership; UMG** | : | |
| **RECORDINGS, INC., a Delaware** | : | |
| **corporation; and SONY BMG MUSIC** | : | |
| **ENTERTAINMENT, a Delaware general** | : | |
| **partnership,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **JAMES ROGERS,** | : | |
| | : | |
| **Defendant.** | : | |

**O R D E R**

This matter is before the Court on Plaintiffs' Application for Entry of Default

Judgment (tab 7).  For the reasons stated below, Plaintiffs' application is **GRANTED.**

**I.      FACTS**

Plaintiffs, various representatives of the music-recording industry, own or are

licensed exclusive rights to certain copyrighted sound recordings under the copyright laws

of the United States.  As copyright holders, they retain the exclusive right to reproduce and

to distribute such recordings pursuant to 17 U.S.C.A. § 106 (West 1996).  Plaintiffs filed

this copyright-infringement action on January 28, 2005, alleging that Defendant James Rogers, without Plaintiffs' permission or consent, engaged in downloading and distributing to others certain copyrighted recordings through the use of "an online media distribution system." Pls.' Compl., tab 1, ¶16. Plaintiffs maintain that Defendant's actions have infringed upon, and continue to infringe upon, their exclusive rights. Plaintiffs further allege that Defendant's actions were carried out willfully and intentionally. Pls.' Compl., tab 1, ¶17.

Defendant was served with the summons and complaint, by substitute service, on February 10, 2005 (tab 4). However, Defendant failed to answer, respond to, or otherwise defend against the complaint within the prescribed 20-day time period. *See* Fed. R. Civ. Pro. 12(a) (West 2005). Counsel for Plaintiffs attested to this fact in a sworn affidavit filed contemporaneously with Plaintiffs' Motion for Entry of Default (tab 5) on March 11, 2005. The Clerk of Court entered Defendant's default on March 14, 2005, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiffs now move the Court to enter judgment by default (tab 7) against Defendant under Rule 55(b)(2). Defendant has failed to appear in this action and, according to Plaintiffs' counsel's affidavit, is not an infant or incompetent person and is not in the military.

## II.   DISCUSSION

The well-pleaded facts alleged in Plaintiffs' complaint were deemed admitted as of March 14, 2005—the date on which the Clerk entered Defendant's default. *See*

*Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] "[H]owever, a defendant's default does not in itself warrant the court in entering a default judgment" because "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* In this case, Plaintiffs' complaint sets forth a valid legal claim against Defendant and thus provides a sufficient basis for entering judgment against him.

The admitted facts pleaded in Plaintiffs' complaint establish that Defendant used an online media distribution system to download and distribute the copyrighted sound recordings in which Plaintiffs have exclusive rights. *See* Pls.' Compl., at 1, Ex. A. Thus Defendant has engaged in direct copyright infringement. *See In re Aimster Copyright Litigation*, 334 F.3d 643, 645 (7th Cir. 2003) ("If the music is copyrighted [swapping it online], which involves making and transmitting a digital copy of the music, infringes copyright. The swappers, who are ignorant or more commonly disdainful of copyright and in any event discount the likelihood of being sued or prosecuted for copyright infringement, are the direct infringers."). As a remedy for Defendant's infringement, Plaintiffs seek statutory damages, costs, and a permanent injunction.

A. Statutory Damages

A copyright owner whose exclusive rights have been infringed may pursue, at his or her election, either actual or statutory damages. *See* 17 U.S.C.A. § 504(c) (West Supp. 2004). Plaintiffs have chosen to pursue statutory damages and therefore need not make

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

a showing of actual damages.  A court may award statutory damages "with respect to any one work, for which any one infringer is liable individually. . . in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C.A. § 504 (c)(1).  Plaintiffs have identified fourteen separate acts of infringement (fourteen illegally downloaded songs) and seek $750 in damages—the statutory minimum—for each.  Thus, Plaintiffs seek $10,500.00 in statutory damages.  The copyrighted recordings for which Plaintiffs seek damages are these:

| | Copyright Owner | Artist | Recording Title | Album Title |
|---|---|---|---|---|
| 1. | Sony BMG Music | Cheryl Lynn | Encore | Preppie |
| 2. | Virgin Records America, Inc. | Soul II Soul | Keep On Movin' | Keep on Movin' |
| 3. | BMG Music | Alicia Keys | Goodbye | Songs in A Minor |
| 4. | Sony BMG Music | Tyrone Davies | In the Mood | In the Mood with Tyrone Davis |
| 5. | Virgin Records America, Inc. | Ideal | Whatever | Ideal |
| 6. | Arista Records LLC | Outkast | 13th Floor/Growing Old | Atliens |
| 7. | Atlantic Recording Corp. | Chic | Le Freak | C'est Chic |
| 8. | Sony BMG Music | Nas | Nas is Coming | It was Written |
| 9. | BMG Music | RL | Got Me a Model | RL:Ements |
| 10. | Interscope Records | Eve | Gangsta Bitch | Scorpion |
| 11. | Arista Records LLC | Kenny G | Don't Make Me Wait | Duotones |
| 12. | UMG Recordings, Inc. | Gap Band | Outstanding For Love | Gap Band IV |
| 13. | Atlantic Recording Corp. | Chic | Good Times | Risque |
| 14. | London-Sire Records, Inc. | Tom Tom Club | Genius of Love | Tom Tom Club |

Statutory damages may be awarded as part of a default judgment in copyright-infringement actions.  *See* **Ortiz-Gonzalez v. Fonovisa**, 277 F.3d 59, 63 (1st Cir. 2002); *see also* **Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.**, 725 F.2d 1 (1st Cir. 1983). Because Plaintiffs seek only minimum statutory damages with respect to each act of infringement, and because the amount can be readily calculated, the Court finds no reason to conduct an evidentiary hearing pursuant to Rule 55(b)(2).[2] *See* **Ortiz-Gonzalez**, 277 F.3d at 63.  Therefore, the Court concludes that Plaintiffs are entitled to $10,500.00 in statutory damages.

B.  Costs

Plaintiffs seek to recover the costs they have incurred in pursuing this matter. A court, in its discretion, may award "full costs" to any party[3] in a copyright-infringement action.  17 U.S.C.A. § 505.  A declaration by Plaintiffs' counsel has been submitted to the Court showing that Plaintiffs have incurred costs in an amount of $429.40.  The Court finds that under the circumstances it is appropriate to award Plaintiffs their costs in this action. *See* **Discovery Comm., Inc. v. Animal Planet, Inc.**, 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001); *see also* **Cross Keys Pub. Co., v. Wee, Inc.**, 921 F. Supp. 479, 482 (W.D.

---

[2] With respect to the need for an evidentiary hearing, the Court is mindful that statutory damages in copyright-infringement cases are not generally considered to be liquidated or capable of mathematical calculation since a Court may choose from a range of possible damages.  *See* **United Artists Corp. v. Freeman**, 605 F.2d 854, 857 (5th Cir. 1979).  On appeal, the court in **Freeman** determined that the district court committed error in awarding statutory damages without first holding an evidentiary hearing.  However, the district court in **Freeman** awarded per-infringement damages well above the statutory minimum without the aid of a hearing or an affidavit establishing the facts necessary to support such an award.  In this instance, by contrast, Defendant's liability has been established and the Copyright Act's very terms require that Plaintiffs receive *some* amount of statutory damages.  Since they have chosen only to seek the minimum amount per infringement, the Court has no discretion to award a lesser amount, and an evidentiary hearing on this issue would accomplish nothing.

[3] Except the United States or an officer thereof.

Mich. 1995).

C.  Injunction

Plaintiffs seek a permanent injunction against Defendant that would serve to prevent him from further infringing Plaintiffs' copyrighted recordings.  Plaintiffs allege that Defendant's conduct "is causing and, unless enjoined and restrained . . . , will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measure in money." Pls.' Compl., tab 1, at ¶18.  Moreover, Plaintiffs argue, there is no evidence to indicate that Defendant has stopped infringing their exclusive rights since this action was commenced.

The Copyright Act provides that "[a]ny court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C.A. § 502(a); s*ee Pacific & Southern Co. v. Duncan*, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984).  It has been noted that, "as a general rule, a copyright plaintiff is entitled to a permanent injunction when liability has been established and there is a threat of continuing violations."  *Universal Studios, Inc. v. Sony Corp. of America*, 659 F.2d 963, 976 (9th Cir. 1981), *rev'd on other grounds*, 464 U.S. 417 (1984); *see also Duncan*, 744 F.2d at 1499.  A respected commentator has echoed this rule, stating that "[g]enerally, it would appear to be an abuse of discretion to deny a permanent injunction where liability has been established and there is a threat of continuing infringement." 3 Nimmer on Copyright § 14.06(B) at 14-53 14-54 (1981).

In this case, Defendant's liability has been established by the entry of default. Furthermore, Plaintiffs argue that the manner in which Defendant's infringement was

carried out—the downloading and sharing of songs over the Internet—exposes their copyrighted recordings to "massive, repeated, near-instantaneous, and worldwide infringement."  Pls.' App. for Entry of Default Judgment, tab 7, at 12.  The Court agrees with this assessment and finds that there is a significant, if not certain, risk that Defendant will continue to infringe upon Plaintiffs' exclusive rights unless an injunction is issued. Therefore, the Court enjoins Defendant as follows:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant shall also destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

## III.   CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiffs' Application for Default Judgment (tab 7) as follows:

1.     Defendant shall be liable to Plaintiffs for statutory damages in the amount of $10,500.00.

2.    Defendant shall pay Plaintiffs' costs in the amount of $429.40.

3.    Defendant shall be permanently enjoined from infringing Plaintiffs' copyrighted sound recordings as more fully set forth above.

SO ORDERED, this 6th day of June, 2005.

/s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/sew